IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**VINCENT F. RIVERA**
        **Plaintiff,**

vs.                                            Case No. 5:09cv74/RH/MD

**APALACHEE CORRECTIONAL INSTITUTION, et al.,**
        **Defendants.**

___

ORDER and
REPORT AND RECOMMENDATION

      Plaintiff, an inmate of the Florida penal system proceeding *pro se*, commenced this action on March 4, 2009 by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1). Plaintiff has also applied for leave to proceed *in forma pauperis* (doc. 13). For the reasons that follow, this case should be dismissed.

      The *in forma pauperis* statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff is well aware of this section as evidenced by this Court's recognition of his status as a "three striker" in *Rivera v. Rathmon*, Case Number 4:06cv159/RH/WCS. As set forth in the Report and Recommendation in that case, plaintiff has had three or more prior prisoner actions dismissed by the federal courts on the grounds that they were either frivolous, malicious, or failed to state a

claim upon which relief may be granted.  *See, e.g., Rivera v. Shaw*, No. 4:00cv236/WS (N.D. Fla. July 27, 2000); *Rivera v. Singletary*, No. 4:97cv63/MP/WCS (N.D. Fla. June 9, 1997); *Rivera v. Dep't of Corrections*, No. 4:97cv116/WS (N.D. Fla. Sept. 30, 1997); and *Rivera v. Chiles*, No. 4:96cv126/WS/WCS (N.D. Fla. June 21, 1996).  These cases may be positively identified as having been filed by plaintiff because they bear his Department of Corrections ("DC") number, 518548.  Plaintiff was incarcerated at the time of filing each of the foregoing cases.  Each case was dismissed prior to plaintiff filing the instant complaint.

Thus, by the time plaintiff brought the instant action, he knew that he had three strikes and could not proceed *in forma pauperis*.  Indeed, plaintiff has been denied *in forma pauperis* status on multiple occasions and specifically advised that he may not file a case without payment of the filing fee.  Plaintiff has also been sanctioned for ignoring court orders which instructed him that he may not proceed without full prepayment of the filing fee.  *See Rivera v. Shaw, supra*, No. 4:00cv236; *Rivera v. Morson*, No. 4:00cv235/WS/WCS (N.D. Fla. July 27, 2000).  Plaintiff has still not paid his sanction and, thus, he is barred from filing any future lawsuits until he has paid his judicial debt in full.  *See Rivera v. Pfizer, Inc.*, No. 4:05cv34/WS/WCS (N.D. Fla. Mar. 2, 2005); *Rivera v. Santa Rosa Correctional Institution*, No. 3:07cv418/RV/EMT (N.D. Fla. Oct. 11, 2007).

The allegations of the complaint do not entitle plaintiff to avoid the bar of § 1915(g), as they do not suggest he was under imminent danger of serious physical injury at the time he initiated this proceeding.  *See Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999) (holding that in order to come within the imminent danger exception to the three strikes rule, a prisoner must be in imminent danger at the time he files suit in district court).  To the contrary, plaintiff complains that his constitutional rights were violated when he received a disciplinary conviction for refusing to submit to substance abuse testing.

Because plaintiff did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case must be dismissed under § 1915(g).  Leave should not

be provided so that he can pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 13) is DENIED.

And it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE because plaintiff is barred by 28 U.S.C. § 1915(g) from initiating a civil rights case in federal court without full payment of the filing fee at the time he submits the complaint, and because prior court orders direct that plaintiff may not file a new case in this Court until he has paid his judicial debt in full as a sanction for violating court orders.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 20th day of April, 2009.


/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).